

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00139-CR

SCOTTY D. JUSTICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2010-427,049, Honorable Bradley S. Underwood, Presiding

June 4, 2013

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Scotty D. Justice attempts to appeal his convictions and sentences for aggravated sexual assault. The record indicates the sentences were imposed on January 23, 2013. A motion for new trial was filed on February 21. Appellant's notice of appeal was due by April 23 but was not filed until April 29. No motion pursuant to appellate rule 26.3 was filed. By letter we notified the parties of our apparent lack of appellate jurisdiction, and set a deadline for the filing of documents or matters

considered necessary for the Court to determine its jurisdiction. Counsel for appellant has not submitted a response.

If a motion for new trial is filed, a notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.3. Without an extension, appellant's notice of appeal was due by April 23, 2013. Because appellant's notice of appeal was not filed by that date, we have no jurisdiction over this appeal. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). As we lack jurisdiction to address the merits of the appeal, we may take no action other than dismissal.[1] *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *Olivo,* 918 S.W.2d at 523; *Hess v. State,* No. 07-11-00359-CR; No. 07-11-00360-CR, 2011 Tex. App. Lexis 7720 (Tex.App.--Amarillo Sept. 26, 2011, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal for want of jurisdiction.

James T. Campbell
Justice

---

[1] Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (West Supp. 2012).